## SMITH et al. v. GUFFEY et al. (two cases).

(Circuit Court of Appeals, Seventh Circuit. October 1, 1912.)

Nos. 1,856, 1,857.

1. MINES AND MINERALS (§ 58*)—SPECIFIC PERFORMANCE (§ 32*)—OIL AND GAS LEASES—ENFORCEMENT IN EQUITY BY LESSEE—WANT OF MUTUALITY.

On the authority of Federal Oil Co. v. Western Oil Co., 121 Fed. 674, 57 C. C. A. 428, which, although involving an Indiana lease, cannot be distinguished, it is *held* that an Illinois oil and gas lease providing for the payment of a royalty to the lessor on the production, and which, although it contains a covenant by the lessee to complete a well within a stated time or pay a stipulated sum quarterly thereafter during the time of any delay in completion, also gives him an option to cancel it at any time on payment of $1, will not protect the first lessee, or be enforced in equity, as against the lessor or his subsequent lessees in possession, at suit of the lessee, who has not commenced any development thereunder.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 168, 169; Dec. Dig. § 58;* Specific Performance, Cent. Dig. §§ 89–99; Dec. Dig. § 32.*]

2. COURTS (§ 365*)—DECISION OF STATE COURTS.

The federal court will follow the construction given by the state court to an oil and gas lease, because it involves a question of local law. It will not be bound by the views of the state court on the question of granting or denying equitable relief thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*]

3. COURTS (§ 96*)—STARE DECISIS.

A Circuit Court of Appeals will follow an earlier decision of the same court on the question of equitable relief, if the earlier cases, although involving an oil and gas lease of a different state, cannot fairly be distinguished.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 328, 334; Dec. Dig. § 96.*]

4. MINES AND MINERALS (§ 78*)—MINING LEASES—CONSTRUCTION.

Inasmuch as in the omission of a fixed prospecting period it is deemed to be for a reasonable time, and inasmuch as during such reasonable time the lessee is accorded in Indiana the same protection at law and in equity as is given to one whose prospecting period is definitely fixed, Fed. Oil Co. v. Western Oil Co., 121 Fed. 674, 57 C. C. A. 428, cannot be distinguished on this ground.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 205–207; Dec. Dig. § 78.*]

5. MINES AND MINERALS (§ 78*)—LEASES—SURRENDER CLAUSE—CONSTRUCTION AND EFFECT.

A lease under which the lessee is absolutely bound either to dig a well within nine months or to pay a specified sum quarterly in advance for at least four years, unless in the meantime he shall have dug a well, would be clearly distinguishable from one containing no similar obligation. But, if the obligation can be ended at any time by the payment of a nominal consideration of $1, a court of equity will not regard the leases as distinguishable in this respect.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 205–207; Dec. Dig. § 78.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. MINES AND MINERALS (§ 78*)—LEASES—SURRENDER CLAUSES.
   A document filed after a second lessee had discovered oil and gas and after suit was begun, waiving the right to surrender the optional objection to dig a well or to pay rent, cannot retroactively perfect the lease.
   [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 205–207; Dec. Dig. § 78.*]

Appeals from the Circuit Court of the United States for the Eastern District of Illinois; Francis M. Wright, Judge.

Suits in equity by Joseph F. Guffey and others against James A. Smith and others and against Susannah Smith and others. Decrees for complainants, and defendants appeal. Reversed.

Jay A. Hindman, of Hartford City, Ind., and Abram Simmons and Frank C. Dailey, both of Bluffton, Ind., for appellants.

James H. Beal, of Pittsburgh, Pa., A. L. Lowe, of Robinson, Ill., Charles Troup, of Danville, Ill., and Arthur E. Young, of Pittsburgh, Pa., for appellees.

Before KOHLSAAT and MACK, Circuit Judges, and SANBORN, District Judge.

MACK, Circuit Judge. [1] The question presented in these cases is whether or not lessees under such oil and gas leases as those under which appellees (complainants in the Circuit Court) claim, will be given the aid of a court of equity, prior to the discovery by them of any oil or gas, for the protection and enforcement of the rights thereby conferred upon them to enter the property and to prospect for oil and gas, as against their lessors and the latters' grantees (under subsequent leases taken with notice of the prior leases), who have entered upon the premises, dug wells and are barring out the first lessees.

This exact question has been decided against the first lessees under a form of lease identical with those before us by the Supreme Court of Illinois in Ulrey v. Keith, 237 Ill. 284, 86 N. E. 696. In this case, the court, notwithstanding the conceded validity of the lease at law, and its refusal in Poe v. Ulrey, 233 Ill. 56, 84 N. E. 46, at the suit of the lessor, to cancel and annul it in equity, nevertheless denied the lessee the aid of a court of equity in the affirmative enforcement of his legal rights thereunder and remitted him to his admittedly inadequate remedy at law. The only decision, brought to our attention, in which the lessee under such a lease has been aided in equity, is Pyle v. Henderson, 65 W. Va. 39, 63 S. E. 762. The views of the Illinois court are strongly criticised in 3 Ill. Law Rev. 43, 601, 608.

[2] While the construction given by the Supreme Court of Illinois to such a lease would be followed by this court, involving as it does a question of local law, its decision as to giving or denying equitable remedies for the protection of the legal rights thereby granted would not be binding upon us. [3] We should therefore be free to consider the question on its merits, unless we are concluded by the decision of this court in Federal Oil Co. v. Western Oil Co., 121 Fed. 674, 57 C. C. A. 428, affirming the decision rendered by Judge Baker in the Circuit Court for the District of Indiana, 112 Fed. 373, dismissing a bill brought by a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lessee under similar circumstances, and thereby denying to him the aid of a court of equity. That the one is an Indiana while the other is an Illinois lease is not material, inasmuch as the Indiana courts likewise regard the lease as valid at law, and likewise refuse, at the suit of the lessor, to annul it in equity. New American Oil & Mining Co. v. Troyer, 166 Ind. 402, 76 N. E. 253, 77 N. E. 739.

The terms and provisions of the two leases must therefore be compared, in order to determine whether or not the Federal Oil Co. Case is distinguishable. They differ in two respects:

First. The Indiana lease contains no counterpart to the following clause found in the Illinois lease:

"It is agreed that this lease shall remain in force for the term of five years from this date, and as long thereafter as oil or gas, or either of them, is produced therefrom by the" lessee.

Second. Each lease recites a consideration for the grant. In the Indiana lease it is $1; in the Illinois lease it is $1 "and the covenants and agreements hereinafter contained on the part of the" lessee.

The Indiana lease contains no express covenant of any kind to be performed by the lessee, prior to the discovery of oil or gas, but the grant is recited to be made on certain conditions. Among others, is the following:

"In case no well is commenced within one day from this date, then this grant shall become null and void unless second party shall thereafter pay at the rate of $8.75 for each month such commencement is delayed in advance."

The Illinois lease contains the following express covenant:

"Second party covenants * * * to complete a well on said premises within nine months from the date hereof, or pay at the rate of 25 cents per year quarterly in advance for each additional three months such completion is delayed from the time above mentioned for the completion of such well until a well is completed."

We shall assume that 25 cents per acre was intended by the parties. The Indiana lease further provides that "the second party may cancel and annul this contract or any part thereof at any time," while under the Illinois lease "the second party, upon the payment of one dollar ($1) at any time by the party of the second part, heirs or assigns, shall have the right to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine and this lease become absolutely null and void."

Are these differences in the two leases real, and therefore controlling, or only apparent and therefore negligible?

[4] First. The omission of a fixed minimum period in the Indiana lease does not render it void. The only effect is to make the period for prospecting a reasonable, instead of a fixed minimum time. While a "reasonable time" to enter the premises and prospect thereon is in a sense uncertain, vague, and indefinite, and in these cases dependent upon all of the surrounding circumstances, nevertheless the lessee under such a lease acquires substantial rights, rights which, while they endure, will receive the same consideration and protection, at law and in equity, as will those of a lessee whose period for entry and prospecting is

definitely fixed. This has been expressly held in New American Oil & Mining Co. v. Troyer, 166 Ind. 402, 76 N. E. 253, 77 N. E. 739, and in other cases therein cited.

[5] Second. A nominal consideration is sufficient at law; equity requires a substantial consideration. In both cases, the purpose of the grant is to secure for the lessor not the one dollar, but the oil and gas. In both, the lessee covenants to pay over a percentage of any oil produced and to make substantial annual payments for any gas marketed.

As a consideration, however, for the right to enter and prospect until oil or gas shall be found, the Indiana lessee has paid only the nominal sum of $1; he has not entered into any covenants as an additional consideration for this right. True, he may lose his rights unless he performs the condition of digging a well or of making the specified monthly payments; but the lessor cannot compel him by suit either to make the payments or to dig a well. The option is with the lessee. This results, moreover, not only from his failure to make any such promise, and from the substitution of a condition for a covenant, but also from the express provision whereby the lessee could annul the contract at any time.

The Illinois lessee, on the other hand, must, apparently at least, either dig a well within nine months or pay the specified sum quarterly in advance for at least five years, unless in the meantime he shall have dug a well. And if this apparent obligation were actually enforceable, there would be no difficulty in distinguishing the Indiana lease case and in protecting the prior lessee in equity, as was done in Gillespie v. Fulton Oil & Gas Co., 236 Ill. 188, 86 N. E. 219, decided less than two months before Ulrey v. Keith, supra.

Is this obligation of these Illinois lessees, however, really or only apparently enforceable? The surrender clause gives them the right at any time, before or after the expiration of the nine.months, to absolve themselves from any further liability. If they exercise this right, if they surrender the lease as, at their absolute option, they are empowered to do, they are thereafter just as free from any obligation enforceable by the lessor, as is the Indiana lessee. True, they must pay $1 and perhaps make an actual surrender; but this purely nominal obligation cannot change the rights of the parties in a court of equity. [6] That the complainants, long after defendants had discovered oil and gas on the premises, in fact, after the testimony in the case had been taken, filed a so-called stipulation, waiving this right to surrender, a right no longer of the slightest value, cannot retroactively perfect the lease or the bill of complaint.

Inasmuch, therefore, as there is no substantial distinction between the present cases and the Federal Oil Co. Case, the decree of the Circuit Court must be reversed, and the causes remanded to the District Court for the Eastern District of Illinois, with direction to dismiss the bills of complainant for want of equity.